In re Passage of Ordinance No. 105-62.

(No. 7317—Decided July 16, 1963.)

*Mr. Paul J. Haytcher*, city solicitor, for appellee.
*Messrs. McLeskey & McLeskey*, for appellants.

DUFFY, P. J.  The appellants are residents and taxpayers of the city of Whitehall, Ohio.  A petition to change the zoning map of that city was filed with the City Council on July 3, 1962, and with the petition there was submitted a proposed draft of an ordinance which contained a description of the premises involved.  City Council referred the petition and ordinance to the Planning and Zoning Commission of the city for a study and recommendation.  A hearing was had on August 11, 1962, before the commission, and after that hearing the commission recommended to council that the petition and ordinance be rejected.

On October 2, 1962, the petition and ordinance came on for hearing before the City Council.  After the hearing, Ordinance No. 105-62 was introduced and unanimously passed as an emergency measure by the City Council.  This ordinance was substantially different from that submitted to and rejected by the Planning and Zoning Commission.

The appellants filed an appeal in the Court of Common Pleas of Franklin County from the adoption of the ordinance claiming a right of appeal under the provisions of Section 2506.04 of the Revised Code.  A motion to dismiss the appeal was filed by the city, claiming that Chapter 2506 of the Revised Code did not permit an appeal from the adoption of an ordinance by the municipal corporation, even though the ordinance adopted by the city changes the zoning map of the municipal corporation.

The appellants have listed five assignments of error, but the only question involved in this appeal is the right of a resident and/or taxpayer of a municipality to appeal to the Common Pleas Court from the adoption of, or the failure to adopt, an ordinance by the city council of their municipal corporation.  While it is possible to test the constitutionality or the legality of the adoption of a municipal ordinance in a court of law, we do not feel that it was ever contemplated that a court should have appellate jurisdiction over the work of a legislative branch of government.  We agree with the trial court that Chapter 2506 of the Revised Code does not provide for an appeal from the action of the city council.  Some of the special remedies in Title

27 of the General Code provide adequate safeguards against unreasonable, arbitrary, and capricious actions of a legislative body. See *State, ex rel. The Killeen Realty Co.,* v. *City of East Cleveland,* 169 Ohio St., 375, and *Curtiss* v. *City of Cleveland,* 170 Ohio St., 127, and cases cited therein.

The judgment of the trial court will be, and hereby is, affirmed.

*Judgment affirmed.*

DUFFEY and TROOP, JJ., concur.

DUFFEY, J., concurring. I concur in the principal opinion but believe that several distinctions are desirable.

It is not clear from the record whether appellant is attempting to appeal (1) the failure of council to adopt the proposed ordinance of appellant or (2) the enactment of a particular ordinance (No. 105-62). From the brief, it appears to be the former.

In support of the right to appeal, appellant argues that the city council is an "authority" within the meaning of Section 2506.01, Revised Code.

The people of Ohio in their Constitution have vested a portion of their sovereign power directly in the municipalities. Among the powers granted by Section 3, Article XVIII of the Constitution, is the power to legislate, including the exercise of the constitutional police power to control private property uses for the public welfare. Except as limited by the "conflict" clause of that section, a municipality's power to enact police regulatory measures within its limits is coextensive with the legislative authority of the General Assembly. Under the Constitution, the municipality's enactment or failure to enact an ordinance is the legal equivalent of the General Assembly's enactment or failure to enact a statute.

I think it apparent that the failure of a legislative body to enact a proposed law under its police powers is not subject to judicial review. This is true whether the proposal relates to an entirely new matter or is for the amendment of an existing law. In that regard, I think that the Legislature could not constitutionally provide for such a review.

Of course the enactment of a purported law is subject to

judicial review both as to the manner of enactment and as to its constitutionality. (It might be noted that appellant does not attack the manner of enactment nor challenge the constitutionality of the ordinance under the "conflict" clause of Section 3, Article XVIII of the Constitution.) It is also clear that the Ohio General Assembly may prescribe by statute the manner in which judicial review is obtained such as designating the proper court, the method of invoking its jurisdiction, etc. However, while a court can review the validity of a purported law and declare all or a portion of it invalid, it cannot supplant the legislative action with action of its own.

In the present case, the legislative authority of Whitehall is vested in the City Council. Municipalities need not, in theory, establish a structure of government involving a separation of powers. It may be conceded that under a city charter a council *could* also be vested with administrative authority. For example, a charter might provide that the council review, on appeal from an administrative officer, the application of an existing building code ordinance with respect to the issuance of building permits. While the circumstances are not clear, this was apparently true in *Gibson* v. *City of Oberlin* (1960), 171 Ohio St., 1. However, in the present case the council was clearly acting in a legislative capacity in determining what amendment, if any, should be made to the zoning ordinance. In legal contemplation, it was not determining the application of that ordinance, as already enacted, to a particular tract of land.

Therefore the issue in this case is, as the principal opinion states, whether Chapter 2506, Revised Code, applies to the enactment or failure to enact a law in the exercise of legislative power. I agree with the majority that Chapter 2506, Revised Code, cannot be reasonably interpreted to provide for an appeal as the method for judicial review of the municipal legislative function.